L. Jay **CONKLIN**

v.

**RCA CORPORATION.**

**Civ. A. No. 76–951.**

United States District Court,
E. D. Pennsylvania.

May 2, 1977.

Martin Fruitman, Lancaster, Pa., for plaintiff.

·John H. Leddy, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

Plaintiff brings this action under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. He originally charged that he was wrongfully discharged from employment on August 13, 1971, and that defendant wrongfully refused to rehire him on April 27, 1973. Defendant filed a motion to dismiss both actions on the ground that plaintiff was barred by statutory time limits in the giving of sixty days' notice to the Secretary of Labor, as required by 29 U.S.C. § 626(d), and on the ground that the actions were barred by the statute of limitations, 29 U.S.C. §§ 626(e) and 255. In *L. Jay Conklin v. RCA Corporation New Holland Avenue, Lancaster, Penn.*, C.A. No. 76–951 (E.D.Pa.1976), this Court granted the motion as to the discharge of August 13, 1971, but denied it as to the April 27, 1973 failure to rehire. We held that there was an uncertainty as to whether plaintiff gave oral notice of his intent to sue to Clifford Ellis, Compliance Officer for the Department of Labor, on January 14, 1974, which was within three hundred days of April 27, 1973.

Defendant now moves for summary judgment as to the alleged failure to rehire. They offer the affidavit of Clifford Ellis and contend that it shows that there was no notice supplied by plaintiff during his meeting with Ellis. The affidavit does indicate that there was no record of any mention by plaintiff of an intent to sue. *Affidavit of Clifford Ellis*, p. 4, lines 21–24. Furthermore, Ellis testified that if oral notice had been given, it would have been duly noted. *Id.* at p. 20, lines 3–8.

Plaintiff does not rebut this evidence with affidavits or other matter as required by F.R.C.P. 56(e). Instead, he contends that the Department of Labor was irresponsible in not asking plaintiff if he intended to sue. We hold that the Department is not required to so act. We note that Area Director David Feinberg did contact plain-tiff and advise him that merely supplying information of alleged wrongful action is not sufficient notice of intent to sue. This letter was dated January 17, 1974, which was within the period of time in which plaintiff had to act. The clear language of the statute is that plaintiff has three hundred days from the date of the alleged unlawful act to give sixty days' notice of intent to sue. Plaintiff has failed to so act and is now barred.

Given the evidence set forth in the Ellis affidavit and the absence of any conflicting evidence offered by plaintiff, we find no issue of material fact. Earlier, we denied defendant's motion to dismiss as to the alleged failure to rehire, until a more complete factual picture could be developed. That picture is now complete. Accordingly, defendant's motion for summary judgment will be granted.